UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LUKE X. LORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:11CV1799 RWS |
| | ) |
| HOUSING AUTHORITY OF | ) |
| ST. LOUIS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to proceed in forma pauperis. Upon review of the financial information provided with the motion, the Court has determined that plaintiff cannot afford to pay the filing fee. As a result, the motion will be granted.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right.

Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Plaintiff brings this action against the Housing Authority of St. Louis County. The complaint reads, in its entirety: "I lost my Section 8 certificate, license.  I was falsely accused of possessing illegal substances."  Plaintiff seeks reinstatement into the Section 8 housing program.

The complaint fails to state a claim under Twombly because it does not contain enough facts to state a plausible claim for relief.  To be sure, the complaint does not allege that plaintiff was discriminated against based on race or a disability, which might make out a prima facie case under the Fair Housing Act.  E.g., Resident Advisory Bd. v. Rizzo, 425 F. Supp. 987, 1022 (D. Pa. 1976).  As a result, the Court will dismiss this action under 28 U.S.C. § 1915(e).

The Court notes that plaintiff previously brought the same case against the Housing Authority, which was dismissed because plaintiff could not articulate a plausible claim for relief or comply with court orders after plaintiff was given several opportunities to amend his complaint.  Lore v Housing Auth., St. Louis Cty., 4:11CV606 SNLJ (E.D. Mo.).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** as moot.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this 1st day of November, 2011.

                                                RODNEY W. SIPPEL
                                                UNITED STATES DISTRICT JUDGE